IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE FINLEY §<br>    Plaintiff, §<br>§<br>§ CIV-20-990-R<br>§<br>v.  § Civil Action No. _____<br>§<br>DARREN FULLERTON, §<br>417 MOBILE AUTO REPAIR, LLC; §<br>and U-HAUL COMPANY OF §<br>MISSOURI §<br>    Defendants. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant U-Haul Company of Missouri ("UHMO"), hereby removes this action from the District Court of Oklahoma County, Oklahoma, where it is pending as Case No. CJ-2020-4139, to the United States District for the Western District of Oklahoma. This Court has subject matter jurisdiction over this action under 28 U.S.C § 1332 because there is complete diversity between Plaintiff Johnnie Finley and Defendants, UHMO, 417 Mobile Auto Repair, LLC ("417 Mobile"), and Darren Fullerton ("Fullerton"), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff has attempted to artfully plead around this Court's subject matter jurisdiction by including a damages threshold that represents only a fraction of the amount demanded by Plaintiff in his pre-suit demand letter. Because UHMO can establish

1

by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has subject matter jurisdiction.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

1. Plaintiff, Johnnie Finley, commenced this action on September 2, 2020, in the District Court of Oklahoma County, Oklahoma, which is within the district to which this case is removed.

2. Plaintiff's Original Petition alleges that, on or about August 17, 2019, while traveling westbound on Interstate 40 near Oklahoma City, he was involved in a traffic accident after a U-Haul "trailer came unhitched, struck another vehicle and in turn, caused that vehicle to collide with Plaintiff's vehicle." Plaintiff's Petition, at ¶ 7. Plaintiff purportedly asserts claims of negligence against Defendants[1] and "prays for an award of actual damages in excess of $10,000.00 against Defendants" including "medical expenses incurred to date [totaling] approximately $21,526.68" and "future medical expenses in an unknown amount." *Id.* ¶ 12 and "wherefore" provision.

3. UHMO was served with the Summons and Petition on September 9, 2020. This Notice therefore is timely filed under 28 U.S.C. § 1446(b).

---

[1]   The only discernible allegation against UHMO is found at Paragraph 9: "...Defendant U-Haul Company of Missouri [was] the rightful owner[] of the trailer and [was] responsible for the installation of the U-Haul trailer on Defendant Darren Fullerton's vehicle." Pet. ¶ 9.

2

4. As required under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon UHMO in the underlying state court action is attached as **Exhibit 1**. In accordance with Local Rule 81.2(a), UHMO also attaches a copy of the State Court Docket Sheet as **Exhibit 2**.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal, is being filed contemporaneously in the District Court of Oklahoma County, Oklahoma, and served upon counsel for all parties.[2]

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

6. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiff and Defendants, UHMO, 417 Mobile, and Fullerton. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between Plaintiff & Defendant.

7. Plaintiff is a resident citizen of Oklahoma. Pet. ¶ 1.

8. UHMO is a Missouri Corporation with its principal place of business in Springfield, Missouri. Pet. ¶ 4

---

[2] Though 417 Mobile and Fullerton are listed as Defendants in this action, on information and belief, including a review of the Court's electronic docket sheet (attached as Exhibit 2) and telephone call with the Oklahoma County Clerk, as of the date and time of this filing, neither have been served in the state court proceeding. In addition, on September 28, 2020, UHMO counsel called Plaintiff's counsel to confer about this matter, leaving a message. That call was not returned.

3

9. Fullerton is a resident of Missouri. Pet. ¶ 2.

10. 417 Mobile is a Missouri limited liability company with its principal place of business in Missouri. Pet. ¶3.

**B.  The Amount in Controversy Exceeds $75,000.**

11. Under 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 811 (2014). This allegation can be based on "a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b).

12. Oklahoma law requires that pleadings demanding relief for damages in an amount of $75,000.00 or less "shall specify the amount of such damages sought to be recovered." Alternatively, a "pleading demanding relief for damages…in excess of the amount required for diversity jurisdiction…shall…set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction…" 12 O.S. § 2008. Plaintiff's Petition does neither.

13. Instead, Plaintiff's Petition attempts to shirk this Court's jurisdiction by attempting to artfully plead his damages; neither specifying an amount less than $75,000.00, nor averring that his damages will exceed that amount. In his Petition's final paragraph, "Plaintiff prays for an award of actual damages in excess of

$10,000.00 against Defendants." Pet. (*specifically*, "Wherefore" paragraph). Plaintiff elaborates: "medical expenses incurred to date [are] approximately $21,526.68" and he "anticipates he will incur future medical expenses in an unknown amount." *Id.* at ¶ 12.

14. Here, however, UHMO can point to "other paper" it received directly from Plaintiff which conclusively establishes that the amount in controversy—specifically the value of the "future medical expenses"—exceeds the jurisdictional threshold. In his pre-suit demand letter, sent on June 3, 2020, Mr. Finley's counsel listed future medical expenses as $150,000.00 and included the following demand: "[d]ue to the negligence of your insured and the injuries sustained by [Mr. Finley], we would demand $1,500,000.00 on behalf of Mr. Finley in exchange for a full and final release of all claims" **Exhibit 3**, p. 2. This demand letter, which is appropriately considered as "other paper,"[3] makes clear that the amount in controversy exceeds the jurisdictional threshold.

15. Because there is complete diversity of citizenship, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and on information and belief, no other potential parties have been properly served, this Court has subject matter jurisdiction.

---

[3] "[A] pre-suit demand letter may be considered an 'other paper' from which defendants can determine the amount in controversy under 28 U.S.C. § 1446(b)." *Archer v. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003).

16. By filing this Notice, UHMO does not waive any of its defenses, including but not limited to any defenses under Rule 12 of the Federal Rules of Civil Procedure.

17. All conditions and procedures for removal have been satisfied.[4]

WHEREFORE, Defendant U-Haul Company of Missouri, respectfully removes this action to the United States District Court for the Western District of Oklahoma, for trial and determination of all issues.

Respectfully Submitted,

LIGHTFOOT, FRANKLIN & WHITE, LLC

By:   */s/ Sanford G. Hooper*
Sanford G. Hooper
Oklahoma Bar No.: 34066
shooper@lightfootlaw.com
The Clark Building
400 20th Street North
Birmingham, Alabama  35203
205-581-0700 Telephone
205-581-0799 Facsimile
**ATTORNEY FOR DEFENDANT
U-HAUL COMPANY OF MISSOURI**

---

[4] To ensure this Court has a complete copy of the state court record as it existed prior to UHMO's removal, a copy of UHMO's state court Answer—the only other document on file with the state court—is attached hereto as **Exhibit 4**.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2020, I submitted the foregoing document with the clerk of court of the United States District Court for the Western District of Oklahoma, using the electronic case filing system of the Court. I hereby further certify that I have served all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    Andrew Polchinski (Oklahoma Bar No. 33765)
    Ryan Polchinski (Oklahoma Bar No. 31869)
    Law Offices of Daniel M. Davis
    300 N. Walnut Ave
    Oklahoma City, Oklahoma 73104
    Telephone: (405) 235-4000
    Facsimile: (405) 235-4954
    E-mail: andrew@dandavislaw.com


                                            */s/ Sanford G. Hooper*
                                              Sanford G. Hooper